## GABINO ORNELAS AND ALFONSO MUNOZ v. THE STATE.

### No. 3703. Decided October 27, 1915.

**Burglary—Misconduct of Jury—Affidavit—Practice on Appeal.**

Where, upon trial of burglary, the defendant claimed, after conviction in his motion for new trial, the misconduct of the jury in alluding to one of the defendants' failure to testify, but the motion was not sworn to by any person, and the affidavit as to this matter was not attached to the motion, but bore a separate and distinct file mark, and it was not shown that this affidavit had been introduced in evidence, and may not have been called to the attention of the trial judge, there was no reversible error. Davidson, Judge, dissenting.

Appeal from the District Court of El Paso. Tried below before the Hon. W. D. Howe.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited Richardson v. State, 176 S. W. Rep., 731.

DAVIDSON, JUDGE.—Appellants were· convicted of burglary, their punishment being assessed at two years confinement in the penitentiary. The record is before us without a statement of facts or bill of exceptions. A motion for new trial was filed on the 5th day. of June, alleging that the verdict was not supported by the evidence, and was contrary to the law and the evidence as submitted to the jury. On June 21 an amended motion for new trial was filed. It is unnecessary to notice the first ground. The second ground is as follows: "Because the jury after they had received the charge they retired to their room to consider their verdict, discussed the fact that defendant Ornelas never testified in his own behalf, and considered that as a circumstance showing the guilt of the defendants herein." On the same day, June 21, the following affidavit was filed: "Before me the undersigned authority this day personally appeared Luther Davenport, who, after being by me duly sworn deposes and says that he was a juror that tried Gabino Ornelas and Alfonzo Munoz, and that after the jury had retired to the jury room to consider the evidence in said cases one of the jurors during the discussion of the evidence mentioned the fact that the defendant Ornelas did not testify in said case either in his own behalf or in the behalf of the defendant Munoz and that his failure to so testify was a circumstance which tended to show the guilt of the defendants, and this fact was discussed by different members of the jury and was considered by them in rendering the verdict herein. (Signed) Luther Davenport."

This was properly sworn to and filed on June 21st. On the same day, June 21st, the court entered this judgment: "On this day came on to be heard the motion of the defendants, Gabino Ornelas and Alfonzo Munoz, to set aside the verdict and judgment and grant him a new trial of this cause, the said defendants, Gabino Ornelas and Alfonzo Munoz, being present in court, in person, and the court having heard said motion read and being fully advised in the premises, is of the opinion that the same should be overruled. It is therefore ordered," etc. The writer is of the opinion that this judgment should be reversed. This affidavit is uncontroverted, and is the only thing in the record bearing on the question of the discussion by the jury of the failure of defendant to testify. My brethren are. of the opinion that as this affidavit was not referred to in the motion for new trial, or made an exhibit to it explicitly, that, therefore, it may not have been called to the attention of the trial judge, and that before appellant could take advantage of this it must affirmatively appear in some way that it was called to the attention of the court, and in this condition of the record

they hold the judgment ought to be affirmed. In view of their conclusion about the matter the judgment will be affirmed, but the writer believes that inasmuch as it is specifically alleged in the motion for new trial that the jury discussed the failure of Ornelas to testify, and that the affidavit was filed the same day as was the motion for new trial, and the court on the same day overruled it, that this is sufficient evidence of the fact that it was called to his attention, and that he was aware of its existence as part of the motion for new trial. There is nothing to indicate the court did not know it, and it may be very reasonably presumed, and is in my judgment a just conclusion, that if this affidavit had been filed after the action of the court on the motion for new trial, this record would have shown it. The district attorney certainly would not have let anything of this sort pass him, and especially as the court did not adjourn until the 26th of June, five days after the overruling of the motion for new trial. But in obedience to the opinion of the majority the order will be entered affirming the judgment.

*Affirmed.*

HARPER, JUDGE.—I agree to the affirmance because the motion for new trial is sworn to by no person. The affidavit referred to in the opinion is not attached to nor made a portion of nor exhibit to the motion for new trial, but bears separate and distinct file marks, and I do not think we are authorized to consider it as a part of the motion. The order overruling the motion evidences no evidence or affidavit was introduced on the hearing of the motion.